UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Frank Paul LeBeau, Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>Massachusetts Department of Corrections State Agency,.et,al.; Luis Spencer, Commissioner of Correction; Gary Roden, Superintendent MCI-Norolkf; Jarrett T. Zwicker, Correctional officer MCI-Norfolk<br><br>    Defendants. | No. 15-CV-11213-PBS |

**REPORT AND RECOMMENDATION ON DEFENDANT DEPARTMENT OF CORRECTION'S MOTION TO DISMISS (DKT. 39) AND DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (DKT. 57)**

CABELL, U.S.M.J.

    *Pro se* prisoner Frank Paul LeBeau Jr. ("the plaintiff") contends that the defendants -- the Department of Correction (DOC) and certain former and/or current DOC employees -- violated his 14th Amendment rights by allowing dangerous conditions to persist within the prison at MCI-Norfolk.  The plaintiff seeks monetary damages and injunctive relief under 42 U.S.C. § 1983.  The defendants have filed motions to dismiss and/or for summary judgment.  Because I conclude that there was insufficient service

of process on the individual defendants and that the plaintiff's claims are moreover either barred or without merit, I recommend that the defendants' motions be allowed.

## I.   BACKGROUND

### A. Relevant Facts[1]

The plaintiff arrived at MCI-Norfolk in August of 2008. (Compl. ¶ 11).  Once there, the plaintiff was harassed by a few inmates who threatened to cause the plaintiff serious physical harm.  (Compl. ¶ 11).  The harassment continued until March 26, 2012.  (Compl. ¶ 12).  Correctional staff, including Officer Zwicker, were aware of the situation.  (Compl. ¶ 12).

On March 26, 2012, the plaintiff was seriously beaten in his cell by his cellmate, who was one of the inmates who had harassed him since his arrival at the prison.  (Compl. ¶ 15).  The plaintiff's left side of his face was swollen and bruised, and his entire body was in pain. (Compl. ¶ 16). Currently, the plaintiff suffers from psychological trauma and sleep deprivation, and is receiving medical and mental health treatment.  (Compl. ¶ 16). The plaintiff was subsequently transferred to NCCI-Gardner. (Compl. ¶ 22).

---

[1] The facts are taken from the plaintiff's amended complaint.  (Dkt. No. 27).

### B. The Amended Complaint

The amended complaint advances two claims under 42 U.S.C. § 1983 alleging 14th Amendment violations.[2] It is not entirely clear from the complaint what distinguishes the two claims but the plaintiff provided some clarification at oral argument. Count One alleges that three former DOC employees, former DOC Commissioner Luis S. Spencer (Spencer), former MCI-Norfolk Superintendent Gary Roden (Roden) and former MCI-Norfolk Correctional Officer Jarret T. Zwicker (Zwicker), were deliberately indifferent to a substantial risk of serious injury from inmate-on-inmate assault at MCI-Norfolk.

In contrast, Count Two relates principally to a specific event on March 26, 2012, in which the plaintiff's cellmate assaulted the plaintiff in their cell. The amended complaint alleges that defendant Zwicker's and "defendant[s'] management['s]" [sic] failure to take steps to prevent the assault and failure to properly intervene in the ongoing assault on March 26, 2012 amounts to deliberate indifference.

---

[2] The plaintiff filed an original complaint with exhibits but then filed an amended complaint without the exhibits. The Court presumes the plaintiff intended to have the exhibits continue to accompany the amended complaint and will proceed under that assumption, especially since the amended complaint contains no new allegations and merely added a new defendant.

### C. Procedural History

On March 24, 2015, the plaintiff filed a complaint naming Spencer, Roden and Zwicker as defendants. The U.S. Marshals Service (USMS) attempted to effect service on the defendants on the plaintiff's behalf but were unsuccessful; all three summonses were returned unexecuted. (Dkts. 14-16). The summonses were subsequently reissued but the docket does not reflect whether they were ever served or returned. (Dkt. 26).

Almost a year later, on February 24, 2016, the plaintiff filed an amended complaint which named the same three individuals and the DOC as defendants. (Dkt. 27). The plaintiff subsequently sent the Court a letter which was interpreted as a request for an extension of time to serve the amended complaint. (Dkts. 28-29). The Court found good cause to allow an extension of time and summonses were issued for all four defendants for the amended complaint. (Dkt. 29-30).

The USMS successfully served the amended complaint on Zwicker[3] and on the DOC (Dkt. 31, 32), but was unable to effect service on Spencer or Roden because they were no longer employed by the DOC.[4]

---

[3] Zwicker never answered the complaint and has not participated in the litigation to date.

[4] DOC Commissioner Spencer and MCI-Norfolk Superintendent Roden left their respective positions at different times in 2014. Commissioner Spencer was replaced by Thomas Turco and Superintendent Roden was replaced by Sean Medeiros. Pursuant to Fed. R. Civ. P. 25, Turco and Medeiros are automatically substituted as parties for the claims against Spencer and Roden in their official capacities. *See* Michael Rezendes, *Prison chief resigns over Bridgewater inquiry*, The Boston Globe (July 24, 2014),

4

With respect to Spencer, the Receipt and Return of Service reflects that the USMS spoke to David Rentsch, a DOC representative, on April 27, 2016, and was told that the DOC's legal department would not accept service on Spencer's behalf. (Dkt. 33). The USMS apparently tried to serve Spencer personally on May 2 and May 18, 2016, but did not succeed. (Dkt. 33). With respect to Roden, Rentsch similarly informed the USMS that the DOC's legal department would accept service for the current DOC Commissioner but would not accept service for former or current DOC employees. (Dkt. 34). Following failed attempts by the USMS to personally serve Roden on May 12, May 23, and June 2, 2016, the summons was returned unexecuted. (Id.).

**D. The Defendants' Dispositive Motions**

On July 22, 2016, the DOC filed a motion to dismiss the amended complaint on the ground that it is immune from suit under the Eleventh Amendment. (Dkt. 39-40). On October 3, 2016, defendants Spencer, Roden, Turco and Medeiros filed a motion to dismiss and/or for summary judgment on the amended complaint. (Dkt. 57). They argue that the plaintiff failed to effect proper service. They argue also that his claims fail on the merits because (1) the plaintiff failed to exhaust his administrative

---

https://www.bostonglobe.com/metro/2014/07/24/prison-chief-spencer-resigns-after-allegedly-mishandling-another-bridgewater-state-hospital-investigation/WxxXAVFXyYkI6JCZniio9L/story.html; *LaPlante v. Massachusetts Dept. of Correction*, 89 F.Supp.3d 235, 235 n.1 (D. Mass. 2015).

remedies, (2) the complaint fails to state a claim, and (3) the defendants were not deliberately indifferent to a significant risk of serious injury.  (Dkt. 58).

## II. ANALYSIS

### A. The DOC's Motion to Dismiss

The DOC argues that it is shielded from suit for claims brought pursuant to 42 U.S.C. § 1983.  The Court agrees, for two separate but related reasons.  First, 42 U.S.C. § 1983 provides that "'(e)very *person*' who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (emphasis added).  It is well established that states and officials acting in their official capacities are not 'persons' subject to suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Consequently, the DOC, as an arm of the state, cannot be sued because it is not a person. *Schmitt v. Massachusetts Dept. of Corrections*, No. 05-10573-RWZ, 2007 WL 2026482, at *2 (D. Mass. July 10, 2007) ("DOC is not a 'person' within the meaning of the federal Civil Rights Act, 42 U.S.C. § 1983.").  Similarly, "the DOC, as an arm of the state, enjoys Eleventh Amendment immunity from suit in federal court." *Cryer v. Clarke*, No. 09-10238-PBS, 2012 WL 6800791, at *6 (D. Mass. September 7, 2012).  The amended complaint should be dismissed against the DOC.

**B. The Individual Defendants' Motion to Dismiss and/or for Summary Judgment**

The individual defendants move to dismiss and/or for summary judgment.

> [A] Rule 12(b)(6) motion to dismiss and a Rule 56 summary judgment motion share a functional nexus…. One fundamental difference between the two motions lies in the scope of the court's consideration. The grounds for a Rule 12(b)(6) dismissal comprise only the pleadings and no more. A Rule 56 summary judgment allows the court to consider matters "outside" the pleadings such as "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any."

*Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 23 (1st Cir. 1990) (internal citations omitted). Because resolution of the motion here does not require the Court to look beyond the pleadings, the motion will be treated as a Rule 12(b)(6) motion to dismiss. *See generally Rasheed v. Bissonnette*, No. 14-10378-FDS, 2015 WL 2226255, at *11 (D. Mass. May 12, 2015).

Courts reviewing a motion to dismiss under Rule 12(b)(6) must apply the notice pleading requirements of Rule 8(a)(2). *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66-67 (1st Cir. 2004). Under Rule 8(a)(2), a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of the grounds for the plaintiff's claim. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Therefore, "a Court confronted with a Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations.'" *Hernandez* at 66 citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). To show that one is entitled to relief, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Artuso v. Vertex Pharmaceuticals, Inc.,* 637 F.3d 1, 5 (1st Cir. 2011)). On a motion to dismiss, courts may consider only the "facts alleged in the complaint and exhibits attached thereto." *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013).

The defendants argue that the plaintiff failed to effect proper service of the amended complaint because, simply, they were never served. "Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected." *Egan v. Tenet Health Care*, --- F. Supp. 3d ---, 2016 WL 3561866, at *3 (D. Mass. June 27, 2016) citing *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A defendant must be served within 90 days after the complaint is filed, or the court "must dismiss the action without prejudice… or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff can show good cause for failure to

effect service within that time, "the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

The plaintiff filed the original complaint on March 24, 2015 against Spencer and Roden (and Zwicker), but failed to effect proper service on any of them. The Court did not formally act to address this issue after the 90 day period for service expired, however, and the plaintiff subsequently filed the amended complaint against the defendants (and the DOC) almost a year later.

Notwithstanding the relatively long interval of time, it appears the plaintiff was entitled to amend the original complaint as a matter of right. Fed. R. Civ. P. 15 provides that "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) … 21 days after service of a responsive pleading or… 21 days after service of a motion under Rule 12(b), (e), or (f)." FED. R. CIV. P. 15(a)(1). At the time the plaintiff filed the amended complaint, none of the conditions triggering the 21 day time period had been satisfied, that is, the plaintiff had not served the original complaint, and no responsive pleadings or Rule 12 motions had been filed. Put another way, because the defendants had not yet been served, the plaintiff was permitted to amend his complaint as a matter of course. *See Green v. Southfield*, No. 15-13479, 2016 WL 692529, at *3 (E.D. Mich. February 22, 2016) (plaintiff exhausts his one-time right to amend as a matter of course when filing an amended complaint after having

9

filed an original complaint that was not served); *Holt v. Chrunk*, No. 11-cv-016150-PAB-MEH, 2012 WL 6953296, at *1 (D. Colo. May 21, 2012) ("Plaintiff was permitted to amend as a matter of course pursuant to F℞. R. Cɪᴠ. P. 15(a) because Defendants had not yet been served.").

As the record reflects, though, Spencer and Roden were never served with the amended complaint either. As noted above, the DOC's legal office refused to accept service for Spencer and Roden because they were no longer employed by the DOC, and efforts to serve them personally were unsuccessful. Consequently, the Court does not have personal jurisdiction over Spencer or Roden and the amended complaint against them should be dismissed. *See Williams v. Hager*, No. 09-12001-GAO, 2011 WL 883989, at *1-2 (D. Mass. March 14, 2011) (complaint dismissed against former prison staff members where pro se prisoner plaintiff "claim[ed] he attempted to serve the [] defendants through the Marshal's [sic] Service, but the summonses were returned unexecuted … because [the defendants] were no longer employed by the DOC").

Similarly, because proper service was never made on Spencer or Roden, in either their official or individual capacities, it follows that proper service was never made on successor defendants Turco and Medeiros in either their official or individual

capacities. Accordingly, the amended complaint should be dismissed against them as well for insufficient process.[5]

But even assuming service of the amended complaint was proper on all the individual defendants, Counts One and Two fail on the merits. It is well settled under federal law that an inmate must exhaust all available administrative remedies before raising related claims in court. The Prison Litigation Reform Act ("PLRA") provides in pertinent part that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). This means what it sounds like it means; a prisoner may not bring a section 1983 claim in federal court for a supposed or threatened injury unless he has first exhausted all available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) ("The doctrine [of exhaustion of administrative remedies] provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" (citation omitted)). Accordingly, federal law

---

[5] To the extent the DOC legal representative indicated his office was prepared to accept service on behalf of the current DOC Commissioner, the office arguably should have been prepared to accept service of the amended complaint regardless of who the summons named as Commissioner. That being said, while it is apparent that the USMS spoke with a DOC legal representative, it is not clear that the USMS ever actually went to their physical office to serve the amended complaint on the DOC Commissioner.

expressly require inmates to exhaust available grievance procedures before going to court. *Woodford*, 548 U.S. at 85 ("exhaustion of available administrative remedies is required for any suit challenging prison conditions…." (citation omitted)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("exhaustion is now required for all 'action[s] … brought with respect to prison conditions,' whether under § 1983 or 'any other Federal law.'" (citation omitted)).

The plaintiff admitted at oral argument that MCI-Norfolk had (and has) an administrative grievance process available to inmates, that he previously used the grievance process on several occasions to grieve other matters, and that he could have used the grievance process to grieve the claims raised in the amended complaint, but did not. The plaintiff argued that he did not invoke the grievance process in this instance because he did not think it would produce any results, and in any event did share his concerns orally with various prison officials. This may help to explain why the plaintiff did not formally invoke the grievance process but it does not absolve him of the requirement to exhaust. *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) ("'[T]here is no 'futility exception' to the PLRA exhaustion requirement.'") (quoting *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000)). Counts One and Two should therefore be dismissed for failure to exhaust administrative remedies.

Independently, Count Two, which seeks to hold the defendants responsible for the assault on the plaintiff by his cellmate, fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). However, not every injury sustained by a prisoner at the hands of another inmate translates into constitutional liability for prison officials. *Id*. at 834. Claims of deliberate indifference have both an objective and subjective requirement. *Sarro v. Esses County Correctional Facility*, 84 F. Supp. 2d 175, 178 (D. Mass. 2000). Objectively, the alleged deprivation must be "sufficiently serious" to show that the inmate is incarcerated under conditions posing a substantial risk of serious harm. *Id.*; *Scott v. Dickhaut*, No. 10-11348-GAO, 2013 WL 4017822, at *8 (D. Mass. August 1, 2013). Subjectively, the prison official must have a sufficiently culpable state of mind amounting to deliberate indifference to inmate health or safety. *Sarro*, 84 F. Supp. 2d at 178; *Scott*, 2013 WL 4017822, at *8. Therefore, a plaintiff must show that "(1) the defendant knew of (2) a substantial risk (3) of serious harm and (4) disregarded that risk." *Calderon-Ortiz v. LaBoy-Alvarado*, 300 F.3d 60, 64 (1st Cir. 2002).

"Even where a supervisor acts with deliberate indifference, a plaintiff must still 'affirmatively connect the supervisor's

conduct to the subordinate's violative act or omission.'" *Justiniano v. Walker*, No. 15-cv-11587-NMG, 2016 WL 5339722, at *5 (D. Mass. September 22, 2016). A "sufficient causal nexus may be found if the supervisor knew of, overtly or tacitly approved of, or purposely disregarded the conduct." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 582 (1st Cir. 1994).

Here, where Count Two relates principally to a discrete, unitary event that took place between the plaintiff and his cellmate, in their cell, there are no factual allegations aside from conclusory statements in the amended complaint to suggest that any individual defendant knew of a substantial risk of serious harm to the plaintiff by his cellmate, and disregarded that risk. As noted, the plaintiff could have elevated his concerns regarding inmate violence to management by invoking the grievance process, but chose not to do so.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the DOC's Motion to Dismiss (Dkt. 39) be ALLOWED, and that the individual defendants' Motion to Dismiss and/or for Summary Judgment (Dkt. 57) be ALLOWED.

The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt

of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  March 2, 2017